Good morning, your honors. I may please the court. My name is Richard Miyamoto, and I am the attorney for the petitioner. Your honors, my client was convicted of a very horrible crime. However, it's not an aggravated felony. And because it's not an aggravated felony, the immigration judge was in error in ruling that my client was not eligible for a 212H waiver. His conviction occurred, it was for California Penal Code 288. It occurred in 1982. Very serious crime, there's no sugarcoating it. Now, but in 1982, there was no such thing as an aggravated felony. The term aggravated felony did not even exist at that time. Then in 1988, there was the Anti-Drug Abuse Act, the ADAA, was enacted. And that designated, for the first time, certain crimes as aggravated felonies. Now, the court in Ledesma, they held, the Ninth Circuit held, that the ADAA does not apply to convictions that occurred prior to its effective date of November 1988. My client's conviction occurred six years before the ADAA. Thus, it's not an aggravated felony. How about Lopez Castanedos? Yes, your honor. That case held that for purposes of relief, it can be considered an aggravated felony. Isn't that this case? I'm sorry? Isn't that the same as this case? You're talking about Ledesma? I'm sorry. Lopez Castanedos. No, the case I just asked you about, Lopez. Isn't Lopez the same as this case? That your client's crime can be considered an aggravated felony, even though it took place before the enactment of the 1988 effective date? Yes, yes it is. You're correct, your honor. But my rationale is that the way they characterize that as an aggravated felony, there is a flaw in that. Well, are you saying there's a flaw in Lopez? Because we can't, as a panel, disregard Lopez. Right. Well, if I may explain it this way. So, there's two phases of every immigration case. There's a removability phase, and then there's a relief phase. So in Lopez, they agree that the ADAA does not apply to the, or aggravated felonies does not apply to the removability phase, but it does apply to the relief phase. And isn't that exactly the situation we have here? The removability of your client wasn't based on the aggravated felony status of his crime, but the denial of relief was. Yes, your honor. That is correct. But I argue that the court should have been consistent and ruled that the... Well, see, I'm going back to my question. Are you telling us that Lopez is wrong? And I understand that position, but that's not one that this panel itself can adopt, can it? I am saying that Lopez is wrong, your honor. Okay. So you'd like us to take this case on bonk, then? Yes, that would be the case. Yes. And so my argument would be that the court should have been consistent and ruled that a crime occurring before enactment of the ADAA can never be categorized as an aggravated felony for any purpose. Because when the crime occurred, there was no such thing as an aggravated felony. This term was not even coined until years after the petitioner was convicted. Although the concept is a little different. I mean, removability and then relief. There's no question. I take it you're not challenging the removability of your client. The question is whether the United States should say, well, even though he's not supposed to be here, there are bases to remove him, we should grant him relief because. And when you have a crime like this taking place, even if it took place before it had the label aggravated felony attached, it's not hard to understand why the United States might say, this isn't a person to whom we want to give relief. I mean, I'm not sure that removability and relief are exactly the same thing, such that we should assume that the same standards should be equally applicable in both. Right. That's a good point, your honor. And as I said, this petitioner's conviction is troubling. But I would still go back to say that, you know, the same reasoning should be applied to both. Just kind of out of curiosity, so Lopez is 2006, Becker is 2007. There have been a slew of other cases following the same rule. I mean, so this is a ten decade old plus precedent. What exactly would be the grounds for in-bank? I mean, I just don't really get it. Well, is it possible that I took us astray saying Lopez when it was Ledesma that we were talking about? I'm a little concerned that I said Lopez and meant Ledesma, because Lopez, I think, may be helpful to you, but it's Ledesma that's a problem. Well, the part of Lopez I'm referring to is the one that says the, what is it, IRA, IRA, is that how you all say it in the immigration bar? Yes, IRA. Okay. It's in Becker. It says the effective date provision of IRA, IRA, which defines certain crimes as aggregated felonies, applies regardless of the date of commission of the crime. Right. Yeah. Right, yeah. Is that the principle that you're saying was wrongly decided? Yes. Okay. So getting back to my question then, you've got 11 years of cases saying this is good law. I'm just kind of curious. I don't want to belabor it, but why do you think there's a ground for end bank review? Well, Your Honor, I'm just arguing that the reasoning is just so off here. I'm aware of, you know, there's been several cases, but just the, you know, equitable factors are just so off here, and I believe the reasoning is off. So I'm just, to make it short, that's, yeah. So what case, so you are upset about that reasoning. What are you relying on in your favor to tell us that we have a conflict that needs to be resolved? Your Honor, I'm not relying on specific case law. I'm just relying on, you know, just, I'm making an equitable argument, basically. But so you're not relying on, like, St. Sir, I don't know how to say it, or Kerr, that's about retroactivity? I thought that would have been your answer. Okay. I'm sorry. Yeah, I did refer to St. Sir in my brief. Now, the facts in that case were a little bit different. In that case, the Supreme Court held that habeas jurisdiction was not repealed by IRA-IRA, and it cannot be repealed retroactively. So, you know, that's a little different in this case because it deals with, you know, something being repealed. But the idea remains the same in that the court in St. Sir preserved a form of relief for a class of persons and found that IRA-IRA did not apply retroactively in regards to habeas corpus relief. And so— Although the reason was because of the likely expectations of sincere in entering into a plea. Is there anything equivalent to that in your client's case? I mean, he didn't commit the crime in reliance upon the fact that it wasn't tagged an aggravated felony. No, Your Honor. There is not anything similar. I'm just—I'm kind of trying to connect it by the fact that it addressed retroactivity. But, yeah, there is not something that similar, Your Honor. And in regards to the 212C issue, the immigration judge ruled that he was eligible. She denied it on discretionary grounds, so I will concede that this court does not have jurisdiction over that. And I'll submit, Your Honor. Excuse me. May it please the court, I am Sarah Byram, appearing on behalf of the United States Attorney General. Before we even get to the aggravated felony bar issue, we have an issue that disposes of this case even before then, which is the Negrete Ramirez bar. The petitioner entered the United States in 1977, and at that time he obtained his legal permanent residency status when he physically entered, and therefore the bar—the 212H bar is applicable him—applicable to him, excuse me, and bars him from 212H at the outset. Now, turning to the aggravated felony issue, the case law is clear on this, that petitioner's crime does constitute an aggravated felony per se, that the aggravated felony definition does apply retroactively, and this court has two cases saying that the 212H aggravated felony bar does apply retroactively, which petitioner's counsel does not mention, and that's Barajas, Alvarez, and Hayuyu, which both cases say that Congress was clear in its intent that that arrear 348B, which amended the 212H, applies retroactively, and the case is clear. The case law is clear on that. And even if we get—even if we turn to these retroactivity consequences, this case isn't the proper vehicle to discuss that. The arguments that petitioner's counsel has made today, including the fact that the court should disregard Lopez, is not an argument that he raised in his brief, and in fact, with regards to retroactivity, petitioner hasn't really raised any reasoned arguments for this in his brief. There's no identification of consequences. There's just no reasoned legal arguments that this court should take up that petitioner has set forth. So for those reasons, this case isn't the proper vehicle. Is Becker the even better case for you than Lopez? There are bits of Lopez that seem to maybe cut both ways, but Becker seems to me to be the case that I would have thought everyone would have been talking about as the real problem for him. Is that your view or not? That is my view. The reason that we cite to—that I cited to Alvarez and Huyu is simply because those are two cases where this court has explicitly denied 212H status— or excuse me, 212H relief to a petitioner with an aggravated felony where that crime occurred prior to 1996. So that's why I cited those. Becker is certainly helpful, but those were the two that explicitly addressed 212H in the way that we see applies here. And then just finally, remand is futile in this case, largely because—well, not largely—entirely because 212H is discretionary. The board did not rely on it, but the IJ denied the exercise of discretion. In this case, the agency also denied 212C in the exercise of discretion for the same reasons as it did 212H, and there's no indication that the agency would come out any differently if it reviewed this case again. If there are no more questions, I'll—thank you. Thank you. We'll give you—oh, you don't want rebuttal? Okay. Thank you, counsel, for your arguments. The case is submitted.
judges: Clifton, Friedland, Donato